## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MARCUS BARBOSA SR, AS TRUSTEE FOR THE NEXT-OF-KIN OF MARCUS BARBOSA II, | **Court File No. 22-cv-00805** |
| Plaintiff, | |
| v. | **ALTEC, INC.,** |
| | **ALTEC INDUSTRIES, INC., &** |
| MINNESOTA WANNER, ALTEC, INC., ALTEC INDUSTRIES, INC., ALTEC UTILITY EQUIPMENT CO., INC. DOES 1-25, | **ALTEC NUECO, LLC'S NOTICE OF REMOVAL** |
| Defendant. | |

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Altec, Inc., Altec Industries, Inc., and Altec NUECO, LLC[1] (collectively "Altec") hereby remove this action from the District Court of Hennepin County, Minnesota, to the United States District Court for the District of Minnesota. In support of this Notice of Removal, Altec states as follows:

### THE REMOVED CASE

1.      On March 14, 2022, Plaintiff Marcus Barbosa Sr., as trustee for the next-of-kin of Marcus Barbosa II ("Plaintiff"), served upon Defendants Altec, Inc., Altec Industries, Inc., and Altec NUECO, LLC a copy of the Summons and Complaint in an action entitled *Marcus Barbosa Sr, as Trustee for the Next-of-Kin of Marcus Barbosa II v.*

---

[1] Altec NUECO, LLC was incorrectly identified in the Complaint by its former business name, Altec Utility Equipment Co., Inc.

*Minnesota Wanner, Altec, Inc., Altec Industries, Inc., Altec Utility Equipment Co., Inc.,*
*Does 1-25* (the "Action"). The Action was captioned for, but was not filed in, the District
Court for the Fourth Judicial District, Hennepin County, Minnesota, pursuant to Minnesota
Rule of Civil Procedure 3.01, which permits civil actions to be commenced by service. *See*
Minn. R. Civ. Pro. 3.01(a) ("A civil action is commenced against each defendant . . . when
the summons is served upon that defendant . . . ."). True and correct copies of the Summons
and Complaint are attached hereto as **Exhibit 1**.[2]

2.      This wrongful death product liability action arises out of a single-vehicle
accident that allegedly occurred in Blanco County, Texas when the right tires of a 900-
gallon spray truck driven by Decedent Marcus Barbosa, II ("Decedent") went off the edge
of the roadway, after which he lost control of the truck, hit a tree, and was killed. (Ex. A.,
Compl. at ¶¶ 5-6.) Plaintiff contends the death was caused by the allegedly defective design
and manufacture of the truck, as well as its allegedly inadequate warnings and instructions.
(Ex. A., Compl. at ¶¶ 7, 8, 14, 16, 26, 31, 33, 36-39.)

3.      Plaintiff seeks to recover damages for Decedent's death, including for his
"extreme grief, sorrow, economic loss and damages, and mental anguish," "loss of love
and companionship of [his] son, loss of support that would have come from him, and
extreme grief and emotional losses, as well as [] economic and non-economic damages,"

---

[2] Altec filed the Summons and Complaint in the District Court for the County of Hennepin,
Minnesota contemporaneously with this Notice of Removal. No other pleadings or papers
in this Action have yet been filed in Hennepin County District Court or served upon Altec
in the above-captioned matter.

and "[a]ll other losses and damages sustained by the Plaintiff to which he is legally entitled either by statute or by the common law," among other claimed damages. (Ex. A., Compl. ¶¶ 8, 27, p. 9.)

## GROUNDS FOR REMOVAL

4.      This Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all named Defendants, and the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs.

### *Complete Diversity of Citizenship Exists*

5.      Plaintiff and Decedent were "at all relevant times . . . residents of the State of Texas." (Ex. A., Compl. at ¶ 1.) Based on this allegation, upon information and belief, Plaintiff is domiciled in Texas and is thus a citizen of Texas for diversity purposes. *See Eckerberg v. Inter-State Studio & Publishing Co.*, 860 F.3d 1079, 1085 (8th Cir. 2017) (citing *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990) ("To establish domicile, an individual must both be physically present in the state and have the intent to make his home there indefinitely.")

6.      Defendants Altec, Inc. and Altec Industries, Inc. are corporations organized under the laws of the State of Alabama with their principal places of business in Alabama. Accordingly, Defendants Altec, Inc. and Altec Industries, Inc. are citizens of Alabama for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

7.      Defendant Altec NUECO, LLC is a limited liability company organized under the laws of the State of Alabama with a principal place of business in Alabama. Its sole member is Altec, Inc., which, as discussed above, is a citizen of the State of Alabama.

Accordingly, Defendant Altec NUECO, LLC is a citizen of Alabama for diversity purposes.  *See* 28 U.S.C. § 1332(c)(1).

8.     Upon information and belief, Defendant Minnesota Wanner refers to "Minnesota Wanner Company," the former name of a voluntarily dissolved Minnesota corporation currently known as MWC, Inc. Public records show that MWC, Inc. was first registered with the Minnesota Secretary of State, under the name Minnesota Wanner Company, on November 30, 2006. *See* Office of the Minnesota Secretary of State, Business Record   Details   for   MWC,   Inc.,   available   at https://mblsportal.sos.state.mn.us/Business/SearchDetails?filingGuid=2c9a5fbc-8ed4-e011-a886-001ec94ffe7f (courtesy copy attached to the Declaration of Stephanie M. Laws ("Laws Decl.") as Ex A). On January 17, 2017, the company amended its registration to change its name from Minnesota Wanner Company to MWC, Inc. *Id.* On October 27, 2021, MWC, Inc. filed a notice of intent to dissolve, and ultimately was dissolved with an effective dissolution date of November 15, 2021. *Id.*

9.     MWC, Inc. was a corporation organized under the laws of the State of Minnesota with a principal place of business in Minnesota. *Id.* (*see also* Compl. ¶ 2.) MWC, Inc. is thus a citizen of Minnesota for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

10.     The citizenship of the unnamed, unidentified Doe Defendants should be disregarded for the purposes of removal.  *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity of citizenship], the citizenship of defendants sued under fictitious names shall be disregarded.")

11.     Accordingly, complete diversity of citizenship exists because this matter is between citizens of different States. *See* 28 U.S.C. §  1332(a)(1).

### *The Forum-Defendant Rule is Inapplicable*

12.     28 U.S.C. § 1441(b)(2) states that "[a] civil action . . . may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought." (emphasis added). This is commonly referred to as the forum-defendant rule.

13.     This rule is wholly inapplicable to this case because MWC, Inc. has not been properly joined and served. *See Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020) (interpreting Section 1441(b)(2) to permit removal where the forum defendant hast not been properly joined and served); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019) (same); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153-54 (3d Cir. 2019) (same); *see also M & B Oil, Inc. v. Federated Mut. Ins. Co.*, No. 4:21-CV-00250, 2021 WL 3472629, at *2 (E.D. Mo. Aug. 6, 2021) ("Following the plain, unambiguous language of the statute . . . where, as is the case here, one defendant had been served but the forum defendant had not been served before removal, . . . section 1441(b)(2) does not preclude removal."); *Tillman v. BNSF Ry. Co.*, No. 1:20 CV 00178, 2021 WL 842600, at *3 (E.D. Mo. Mar. 5, 2021) ("Because this Court must follow the plain, unambiguous words of a statute, this Court agrees with the reasoning of the Second, Third, and Fifth Circuits and concludes that if no forum defendant was 'properly joined and served' before removal, section 1441(b)(2) does not preclude removal."); *Johnson v. Precision Airmotive, LLC*, No. 4:07CV1695, 2007 WL 4289656, at

*6 (E.D. Mo. Dec. 4, 2007) (finding the limitation on removal in § 1441(b) did not apply because "[t]he Missouri defendants in this case were not served at the time the case was removed.")

14.    MWC, Inc. is a voluntarily dissolved Minnesota business entity. Under Minnesota law, service on a voluntarily dissolved entity must be made "by filing with the secretary of state one copy of the process, notice, or demand along with payment of a $35 fee." *See* Minn. Stat. § 5.25, subd. 3 & 5.  Upon receipt of such process, "the secretary of state shall immediately cause a copy of [the] service of process to be forwarded by certified mail to the business entity."  *See* Minn. Stat. § 5.25, subd. 6.

15.    Upon information and belief, Plaintiff has not sent any process addressed to MWC, Inc. to the Minnesota Secretary of State as required for service under Minn. Stat. §  5.25. (Laws Decl. ¶.) Instead, Plaintiff sent the Minnesota Secretary of State a copy of the Summons and Complaint addressed to "Minnesota Wanner"—which is not the current or former legal name of MWC, Inc. or any other entity. As a result, the Minnesota Secretary of State did not forward this process to MWC, Inc. (or anyone else) to effect service. (Laws Decl. at ¶ 6.) Accordingly, Defendant MWC, Inc. has not been properly served and joined as a party to this action.[3] *See* Minn. Stat. § 5.25.

---

[3] Further, service is incomplete until the defendant actually receives the process forwarded by the Minnesota Secretary of State. *See Northern States Power Co. v. Trivis, Inc.*, 224 F. Supp. 3d 807, 810 (D. Minn. 2016) (finding service incomplete under Minn. Stat. § 5.25 where the Minnesota Secretary of State forwarded service of process to an incorrect, outdated address); *see also Ackerman v. PNC Bank, Nat. Ass'n*, No. 12-00042, 2012 WL 3292889 (D. Minn. Aug. 13, 2012) (analyzing Minn. Stat. §  5.25 and finding service incomplete for the purpose of calculating removal deadlines until the defendant receives the complaint from the Minnesota Secretary of State).

16.     Therefore, removal is appropriate because the forum-defendant rule does not apply.

### The Amount-In-Controversy Requirement is Met

17.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 553. In determining whether the amount in controversy is satisfied, the Court may consider compensatory and statutory damages, as well as punitive damages. *See, e.g., Capital Indem. Corp. v. 1405 Assocs., Inc.*, 340 F.3d 547, 549 (8th Cir. 2003).

18.     Even where the Complaint does not expressly quantify the damages being sought, this requirement is satisfied if it is "facially apparent" from the Complaint that the amount in controversy exceeds $75,000, exclusive of interests and costs. *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)).

19.     Here, it is facially apparent that this wrongful death action seeks in excess of $75,000, exclusive of interests and costs. Federal courts within the Eighth Circuit and across the country routinely find wrongful death claims satisfy the amount-in-controversy requirement. *See, e.g., De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (complaint

met amount-in-controversy minimum on its face with allegations of wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses); *Marsar v. Smith and Nephew, Inc.*, 950 F. Supp. 2d 1228, 1230 (M.D. Fla. 2013) (wrongful death complaint seeking compensatory damages for medical, hospital, and concomitant expenses, together with punitive damages, exceeded jurisdictional threshold); *Angrignon v. KLI, Inc.*, No. 08-81218-CIV, 2009 WL 506954, at *1, 4 (S.D. Fla. Feb. 27, 2009) (holding the amount in controversy exceeded $75,000 "[b]ased on the unchallenged factual allegation that a life was lost" and a "common sense evaluation of the types of damages" associated with such an allegation); *Rodgers v. Wolfe*, No. 4:05CV01600ERW, 2006 WL 335717, at *2-3 (E.D. Mo. Feb. 14, 2006) (finding a wrongful death claim plausibly sought more than $75,000 in damages); *Knickerbocker v. Chrysler Corp.*, 728 F. Supp. 460, 463 (E.D. Mich. 1990) ("This being a wrongful death action, the amount in controversy clearly exceeds $50,000," the jurisdictional minimum at the time).

20.    Further, wrongful death cases brought in Minnesota routinely resolve for amounts in excess of $75,000, exclusive of interest and costs. *See, e.g.*, *Drew v. L.B. White Co.*, JVR No. 1912300049, 2019 WL 7373764 (Minn. Dist. Ct. Apr. 9, 2019) (wrongful death product liability matter settled for $451,065); *see also, e.g.*, *Caylor v. Gulbranson*, JVR No. 2003100048, 2020 WL 1234795 (Minn. Dist. Ct. Jan. 30, 2020) ($619,610 jury verdict awarded in a wrongful death matter stemming from automobile accident).

21.    Because Plaintiff seeks an unlimited amount of damages related to the death of his son, including but not limited to damages for his "extreme grief," "mental anguish," "loss of love and companionship," "loss of support," and "economic loss and damages,"

8

among others, (Ex. A, Compl. at ¶¶ 9, 17, 27), the amount-in-controversy requirement is satisfied.

### *Removal is Timely*

22.     This Notice of Removal is timely because it is filed within thirty days after Altec first received a copy of the Complaint and less than one year after the action commenced. *See* 28 U.S.C. § 1446(b)(1) and (c).  Under Section 1446(b)(1), a defendant must file a Notice of Removal within thirty days of receipt of the Complaint "through service or otherwise." In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, the United States Supreme Court held that this thirty-day period is triggered upon "simultaneous service of the summons and complaint." 526 U.S. 344, 347-48 (1999).

23.     Altec first received a copy of the Complaint on March 14, 2022, when the Altec, Inc., Altec Industries, Inc., and Altec NUECO, LLC were each served with the same. (*See* Ex 1.)

24.     This Notice of Removal is filed on April 4, 2022, and thus meets the timeliness requirements of 28 U.S.C. § 1446(b)(1) & (c).

### <u>ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED</u>

### *Papers from the Removed Action are Attached*

25.     Pursuant to 28 U.S.C. § 1446(a), Altec states that all process, pleadings, and orders served upon it in this matter are attached to this Notice of Removal as Ex. 1, which consists of the Summonses and Complaints served upon Altec to commence this action

pursuant to Minnesota Rule of Civil Procedure 3.01.[4] Altec filed the Summonses and Complaint in the District Court for the County of Hennepin, Minnesota contemporaneously with this Notice of Removal.  No other pleadings or papers in this Action have yet been filed in Hennepin County District Court or served upon Altec in the above-captioned matter.  Altec will supplement this Notice of Removal with a copy of the state court docket as well as all file-stamped copies of the Summonses and Complaints attached as Ex. 1 once they are received.

### *Venue is Proper*

26.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 103, 1391, 1441(a), and 1446(a) because the Fourth Judicial District Court of Hennepin County, Minnesota, where the Complaint was filed, is a state court within the District of Minnesota.

### *Defendants Consent to Removal*

27.     For purposes of removal based on diversity jurisdiction 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served must consent to removal. Defendants Altec, Inc., Altec Industries, Inc., and Altec NUECO, LLC consent to removal as indicated by the signature block below.

28.     MWC, Inc. has not been properly joined and served by Plaintiff and thus its consent is not required for removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action

---

[4] Minnesota Rule of Civil Procedure 3.01(a) permits commencement of a civil action through service of the summons on a defendant, without filing, as Plaintiff did here.  *See* Minn. R. Civ. Pro. 3.01(a).

is removed solely under section 1441(a), all defendants *who have been properly joined and served* must join in or consent to the removal of the action.") (emphasis added).

29.     There is no indication that any fictitious defendant has been named or served, and thus no consent to removal from them is required. *See Plumlee v. Humana Ins. Co.*, No. 4:09-CV-00780, 2009 WL 10676845, at *2 (E.D. Ark. Nov. 3, 2009) (stating "[f]ictitiously named defendants must be disregarded for purposes of removal" and that there was "no obligation to obtain consent from fictitious defendants or unnamed defendants in order to properly remove this case").

30.     By filing this Notice of Removal, Altec does not waive any rights or defenses, and expressly reserve all rights and defenses that they may have with respect to Plaintiff's suit.

### *Notice will be Provided to the State Court and Plaintiff*

31.     Promptly after filing this Notice of Removal, Altec will serve Plaintiff and file a copy of this Notice of Removal with the Clerk of the District Court for the Fourth Judicial District, in and for Hennepin County, Minnesota, to effect removal of this action to the United States District Court, pursuant to 28 U.S.C. § 1446(d).

32.     If any question arises as to the propriety of the removal of this action, Altec respectfully requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

## **CONCLUSION**

WHEREFORE, Altec hereby removes the above-captioned matter, now pending against it in the District Court for the Fourth Judicial District, in and for Hennepin County, Minnesota, to the United States District Court for the District of Minnesota.

Respectfully submitted,

Dated: April 4, 2022

**MASLON LLP**

By:   *s/Stephanie M. Laws*
      Stephanie M. Laws (#0396174)
      Nathaniel J. Ajouri (#0401144)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone:  (612) 672-8200
Facsimile:  (612) 672-8397
E-mail:  stephanie.laws@maslon.com
      nathaniel.ajouri@maslon.com

**ATTORNEYS FOR DEFENDANTS**
**ALTEC, INC., ALTEC INDUSTRIES, INC.**
**AND ALTEC NUECO, LLC**

# **<u>EXHIBIT 1</u>**



**Capitol Corporate Services, Inc.**
PO Box 1831
Austin, TX 78767
Phone: (800) 345-4647  Fax: (800) 432-3622
rassop@capitolservices.com

## Service Of Process Transmittal Notice

| | | |
|---|---|---|
| CHRISTOPHER B HARMON<br>ALTEC<br>210 INVERNESS CENTER DR STE 200<br>BIRMINGHAM ALABAMA 35242-4834 | **Date Processed:** | 03/14/2022 |
| | **Completed By:** | ANDREA ODEGAARD |
| | **Delivery Method to Client:** | FEDEX 2 DAY LETTER |
| | **Tracking Number:** | 176774951026 |

Enclosed please find legal documents received on behalf of the client named below. These documents are being forwarded in accordance with your instructions.

| **Date / Time Received**<br>03/14/2022  2:30 PM in MINNESOTA | **Transmittal #**<br>MN-219188 | **Delivered to Agent by**<br>PROCESS SERVER |
|---|---|---|

| **With Regard to Client** |
|---|
| ALTEC, INC. |

| **Title of Case or Action** |
|---|
| MARCUS BARBOSA SR. V MINNESOTA WANNER ET AL. |

| **Case Number**<br>NONE | **Type of Document Served**<br>CITATION/SUMMONS |
|---|---|

| **Court Name** |
|---|
| NONE |

| **Note** |
|---|
| |

1-219188N

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT

---

Wrongful Death/Products Liability
Court File No.:

MARCUS BARBOSA SR,
AS TRUSTEE FOR THE NEXT-OF-KIN OF
MARCUS BARBOSA II,

        Plaintiff,

v.                                                             **SUMMONS**

MINNESOTA WANNER, ALTEC, INC,
ALTEC INDUSTRIES, INC, ALTEC UTILITY
EQUIPMENT CO, INC. DOES 1-25,

        Defendants.

---

THIS SUMMONS IS DIRECTED TO THE ABOVE NAMED DEFENDANTS:

    **1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons.  Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

    **2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail **a written response,** called an Answer, to the person who signed this Summons within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

Meshbesher & Spence
1616 Park Avenue
Minneapolis, MN 55404.

    **3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

Case Type: Wrongful Death/Products Liability

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

COURT FILE NUMBER:

---

MARCUS BARBOSA SR,
AS TRUSTEE FOR THE NEXT-OF-KIN OF
MARCUS BARBOSA II,

PLAINTIFF

v.

MINNESOTA WANNER, ALTEC, INC,
ALTEC INDUSTRIES, INC, ALTEC UTILITY
EQUIPMENT CO, INC. DOES 1-25

DEFENDANTS

**COMPLAINT**

JURY DEMAND REQUESTED

---

Plaintiff Marcus Barbosa Sr, as Trustee for the Next-of-Kin of Marcus Barbosa II, through

their attorneys, hereby brings this Complaint against the above-named defendants for the wrongful

death of their son, Marcus Barbosa II. Plaintiff further alleges as follows:

## GENERAL ALLEGATIONS

1. At all times herein mentioned, Plaintiff and the decedent, at all relevant times was residents

   of the State of Texas.

2. Defendant MINNESOTA WANNER was a Minnesota Corporation with its principal place

   of business in Hennepin County, Minnesota.  On information and belief, approximately in

   2018, Defendant Minnesota Wanner was purchased by Defendant Altec, Inc., Defendant

   Altec Industries, Inc, and/or Defendant Altec Utility Equipment Co., Inc., (hereinafter

–1–

Altec Defendants) and/or Does 1-25. Upon information and belief, Defendant Minnesota Wanner can be served at its last known principal place of business 7125 OHMS Lane, Edina, MN 55364 and by serving its successor in interest.

3. The Altec Defendants are the successor in interest to Minnesota Wanner.

4. The Altec Defendants are Alabama Corporations with their principal place of business in Alabama. Upon information and belief, Altec Defendants can be served at Capitol Corporate Services, Inc., 730 Center Ave., Ste 200, Moorhead Minnesota, 56560.

5. Minnesota Wanner and the Altec Defendants at all relevant times are and were in the business of designing, manufacturing, assembling, advertising, marketing, and selling to members of the American public, including the Plaintiffs' decedent herein, truck mounted spray equipment including but not limited to a certain 900-gallon spray truck.

6. On September 3rd, 2021, Marcus Barbosa, II was driving the Spray Truck westbound on RM 1623 in Blanco County Texas. As he was navigating a curve, his right tires went off the edge of the roadway. As he attempted to steer the vehicle back onto the roadway, the liquids in the Spray Truck shifted causing him to lose control of the vehicle. The vehicle went into an oversteer mode, spinning in a clockwise direction. The driver side of the Spray Truck hit a tree causing severe intrusion to the vehicle, killing Marcus Barbosa II.

7. The Spray Truck was defective and unreasonably dangerous because it lacked baffling in the spray tanks that would have inhibited the shift of the liquid while making turns.

8. As a direct and legal result of the negligence and the defective and dangerous condition of the Spray Truck, Marcus Barbosa II was killed.

9. As a direct and legal result of the negligence of the Defendants, and the defective and

dangerous condition of the Spray Truck, Plaintiffs have suffered extreme grief, sorrow, economic loss and damages, and mental anguish at the loss of their son.

## FIRST CAUSE OF ACTION

## WRONGFUL DEATH

### STRICT LIABILITY

10. Plaintiff repeats and re-alleges the allegations contained in the above paragraphs and incorporates them by reference as though fully set forth herein.

11. At all times herein mentioned, Defendants and Does 1 through 25 were in the business of manufacturing, designing, assembling, advertising, marketing, distributing, maintaining, and selling to the American public Spray Trucks, including but not limited to the Spray Truck which is the subject of this lawsuit.

12. Prior to September 3rd, 2021, the Defendants, and each of them, designed, built, assembled, manufactured, tested, advertised, marketed, maintained, distributed and sold on the American market the previously described Spray Truck, which contained design defects when it left Defendants' possession, in that, among other things, when operated in a reasonably foreseeable manner, the vehicle would not perform as safely as an ordinary consumer or user would expect, but would instead cause a loss of control due to inadequate load constraints such as baffling which lead to inadequate and unsafe handling and stability characteristics.

13. At the time of the incident of September 3, 2021, the Spray Truck was in substantially the same condition as when it left the Defendants' possession.

14. As a direct and legal result of the defects in design and manufacture as above described,

–3–

the Spray Truck failed to perform as intended by the manufacturer and as expected by ordinary consumers.

15. At the time of the accident on September 3rd, 2021, the Spray Truck was being used in a way that was reasonably foreseeable to Defendants.

16. As a direct and legal result of the defective condition of the Spray Truck, Plaintiffs' decedent, Marcus Barbosa II sustained catastrophic injuries which led to his death.

17. As a direct and proximate result of the defective and unreasonably dangerous condition of the Spray Truck, the Plaintiffs have suffered the loss of love, affection, companionship and support that Marcus Barbosa II would have provided them.

18. As a direct and legal result of the defects in design and manufacture, as alleged herein, the Spray Truck was defective as that term is defined under Minnesota law, rendering the Defendants herein strictly liable in tort to the Plaintiff, for all damages legally caused.

19. As a direct and legal result of the defective and unreasonably dangerous condition of the Spray Truck, and of the matters herein above and hereinafter alleged, Plaintiffs have suffered and will continue to suffer the damages herein above and hereinafter set forth.

## SECOND CAUSE OF ACTION

### FAILURE TO WARN OR INSTRUCT

20. Plaintiffs repeat and re-allege the allegations contained in the above paragraphs and incorporate them by reference as though fully set forth herein.

21. At all times herein, Defendants, and each of them, knew that the above-described Spray Truck was to be purchased and used by a consumer without analysis or inspection for latent defects.

–4–

22. The above described Spray Truck was unsafe for its intended and foreseeable use, and was defective by reason of the failure of the Defendants, and each of them, to provide adequate and appropriate instructions and warnings relating to the potential risks which presented a substantial danger to users of the Spray Truck and relating to the characteristics of the Spray Truck during expected, intended and foreseeable maneuvering, and in failing to advise Plaintiffs' Decedent of the fact that the vehicle, which Plaintiffs' Decedent was operating, was designed, manufactured and assembled using an unsafe plan or design, which would cause said vehicle to be laterally unstable, to oversteer, and to cause loss of control, thereby failing to properly and safely perform, under normal foreseeable use.

23. Further, such instructions and/or warnings as were provided by the Defendants, and each of them, were inadequate and did not fully alert or advise a consumer that the Spray Truck while full was unstable, improperly baffled, and prone to oversteer by virtue of the probability of the fluid shifting inside the tanks and cause a danger of injury to users during intended and foreseeable use and operation of the vehicle.

24. At all relevant times herein, the Defendants, and each of them, failed to provide adequate warnings and instructions, notwithstanding the fact that the risks presented by the Spray Truck when used in a foreseeable way were known or knowable at the time of manufacture, distribution, and sale, by the Defendants, and each of them.

25. The Plaintiffs' Decedent was unaware of the risks, defects, and dangerousness of the Spray Truck, as herein above alleged, which made the Spray Truck unsafe for its intended and foreseeable use, nor were such defects apparent upon reasonable inspection, nor would ordinary consumers have recognized the potential risks.

26. As a direct and legal result of the failure and omission on the part of the Defendants, and each of them, to provide adequate and appropriate instructions and warnings, Plaintiffs' Decedent suffered and incurred physical injury that led to his death.

27. As a direct and legal result of the failure and omissions on the part of the defendants, and each of them, to provide adequate and appropriate instructions and warnings, Plaintiffs have suffered the loss of love and companionship of their son, loss of support that would have come from him, and extreme grief and emotional losses, as well as the economic and non-economic damages herein above and hereinafter set forth.

28. As a direct and legal result thereof of their failure to warn and instruct, the Defendants, and each of them, are strictly liable in tort to Plaintiff.

### THIRD CAUSE OF ACTION

### BREACH OF WARRANTIES/MISREPRESENTATION

29. Plaintiffs repeat and re-allege the allegations contained in the above paragraphs and incorporate them by reference at this point as though fully set forth herein.

30. Prior to September 3rd, 2021, the previously described Spray Truck and its characteristics and safety equipment, as well as the vehicle's anticipated and expected performance, safety and lateral stability during normal, intended and foreseeable use, to include vehicle accidents, was described in various websites, catalogues, manuals, circulars, advertising, brochures, and sales representations intended to be read and relied upon by members of the general public including Plaintiffs' Decedent. Said vehicle was impliedly warranted as fit for its normal, intended, and foreseeable use, to include providing stability and occupant protection during foreseeable maneuvers.

–6–

31. In fact, said vehicle was not safe or stable, and did not perform as described, advertised and expected, but instead was defective and less safe than an ordinary consumer would expect at the time it was designed, manufactured, assembled, sold, distributed, marketed, promoted and placed within the stream of commerce, in that said vehicle contained those certain defects in design and/or manufacture and/or assembly, as herein above set forth.

32. Because of the defective nature of the Spray Truck, and the fact that it was less safe than an ordinary consumer would expect, Defendants, and each of them, breached the express and implied warranties made to members of the motoring public regarding the safety and stability of the Spray Truck.

33. As a direct and legal result of the breaches of implied and express warranties herein above and hereinafter set forth, Plaintiffs' Decedent was caused to suffer and sustain the injuries and death herein above and hereinafter set forth.

## FOURTH CAUSE OF ACTION

### NEGLIGENCE

34. Plaintiff repeats and re-alleges the allegations contained in the above paragraphs and incorporates them by reference at this point as though fully set forth herein.

35. Defendants, and each of them, were under a legal duty to use the amount of care in designing, manufacturing, testing, constructing, promoting, selling, and distributing the Spray Truck that a reasonably careful and prudent designer, manufacturer, tester, constructor, promoter, seller, or distributor would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

36. Prior to September 3rd, 2021, the Defendants, and each of them, breached their duty of care

in that Defendants, and each of them, were negligent and careless in and about their design, manufacture, testing, construction, promotion, sale, maintenance, and distribution of the above-described Spray Truck in that the vehicle was laterally unstable and tended to severely oversteer in intended and foreseeable on-road maneuvering.

37. Prior to and on September 3rd, 2021, the Defendants, and each of them, negligently and carelessly designed, manufactured, tested, constructed, marketed, maintained, sold, and distributed the above-described Spray Truck in that, when the vehicle was operated in a reasonably foreseeable manner, the vehicle would allow fluid to shift in a dangerous and unpredictable manner.

38. Prior to and on September 3rd, 2021, the Defendants, and each of them, were negligent and careless in and about their failure to provide adequate and appropriate warnings and instructions, or to equip said vehicle with adequate and appropriate instructions.

39. As a direct and legal result of the negligence and carelessness of the Defendants, and each of them, as above-described, Plaintiffs' Decedent has been caused to suffer and sustain the injuries and death herein above and hereinafter set forth.

WHEREFORE, the Plaintiffs claim of the Defendants, and each of them, all compensatory and non-economic damages available at law, together with lawful interest and costs for all the harm caused by their respective misconduct and defects as described above. Plaintiffs, therefore, seek damages for the following:

    a.    All economic losses and damages.

    b.    Emotional distress, grief, loss of companionship, and all other non-economic losses recoverable under the law;

–8–

c.   Loss of support from Marcus Barbosa II; and

d.   All other losses and damages sustained by the Plaintiff to which he is

legally entitled either by statute or by the common law.

I hereby acknowledge that sanctions may be awarded
pursuant to Minn. Stat§ 549.211.

MESHBESHER & SPENCE, LTD.

Dated: March 11, 2022                By: /s/ Genevieve M. Zimmerman
                                     Genevieve M. Zimmerman (MN# 330292)
                                     1616 Park Avenue
                                     Minneapolis, MN 55404
                                     Phone: (612) 339-9121
                                     Fax: (612) 339-9188
                                     Email: gzimmerman@meshbesher.com


                                     Kyle W. Farrar (MN# 0397942)
                                     Kaster, Lynch, Farrar & Ball, LLP.
                                     1010 Lamar, Suite 1600
                                     Houston, Texas 77002
                                     Phone: (713) 221-8300
                                     Email: kyle@fbtrial.com

                                     ATTORNEYS FOR THE PLAINTIFFS



**Capitol Corporate Services, Inc.**
PO Box 1831
Austin, TX 78767
Phone: (800) 345-4647  Fax: (800) 432-3622
rassop@capitolservices.com

## Service Of Process Transmittal Notice

| | | |
|---|---|---|
| CHRISTOPHER B HARMON<br>ALTEC<br>210 INVERNESS CENTER DR STE 200<br>BIRMINGHAM ALABAMA 35242-4834 | **Date Processed:** | 03/14/2022 |
| | **Completed By:** | ANDREA ODEGAARD |
| | **Delivery Method to Client:** | FEDEX 2 DAY LETTER |
| | **Tracking Number:** | 176774951026 |

Enclosed please find legal documents received on behalf of the client named below. These documents are being forwarded in accordance with your instructions.

| **Date / Time Received**<br>03/14/2022  2:30 PM in MINNESOTA | **Transmittal #**<br>MN-219189 | **Delivered to Agent by**<br>PROCESS SERVER |
|---|---|---|

**With Regard to Client**

ALTEC INDUSTRIES, INC.

**Title of Case or Action**

MARCUS BARBOSA SR. V MINNESOTA WANNER ET AL.

| **Case Number**<br>NONE | **Type of Document Served**<br>CITATION/SUMMONS |
|---|---|

**Court Name**

NONE

**Note**

1-219189O

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT

---

Wrongful Death/Products Liability
Court File No.:

MARCUS BARBOSA SR,
AS TRUSTEE FOR THE NEXT-OF-KIN OF
MARCUS BARBOSA II,

        Plaintiff,

v.                                                            **SUMMONS**

MINNESOTA WANNER, ALTEC, INC,
ALTEC INDUSTRIES, INC, ALTEC UTILITY
EQUIPMENT CO, INC. DOES 1-25,

        Defendants.

---

THIS SUMMONS IS DIRECTED TO THE ABOVE NAMED DEFENDANTS:

    **1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons.  Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

    **2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail **a written response,** called an Answer, to the person who signed this Summons within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

Meshbesher & Spence
1616 Park Avenue
Minneapolis, MN 55404.

    **3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

Case Type:  Wrongful Death/Products Liability

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

COURT FILE NUMBER:

MARCUS BARBOSA SR,
AS TRUSTEE FOR THE NEXT-OF-KIN OF
MARCUS BARBOSA II,

PLAINTIFF

v.

MINNESOTA WANNER, ALTEC, INC,
ALTEC INDUSTRIES, INC, ALTEC UTILITY
EQUIPMENT CO, INC. DOES 1-25

DEFENDANTS

**COMPLAINT**

JURY DEMAND REQUESTED

Plaintiff Marcus Barbosa Sr, as Trustee for the Next-of-Kin of Marcus Barbosa II, through

their attorneys, hereby brings this Complaint against the above-named defendants for the wrongful

death of their son, Marcus Barbosa II. Plaintiff further alleges as follows:

**GENERAL ALLEGATIONS**

1. At all times herein mentioned, Plaintiff and the decedent, at all relevant times was residents
   of the State of Texas.

2. Defendant MINNESOTA WANNER was a Minnesota Corporation with its principal place
   of business in Hennepin County, Minnesota.  On information and belief, approximately in
   2018, Defendant Minnesota Wanner was purchased by Defendant Altec, Inc., Defendant
   Altec Industries, Inc, and/or Defendant Altec Utility Equipment Co., Inc., (hereinafter

–1–

Altec Defendants) and/or Does 1-25. Upon information and belief, Defendant Minnesota Wanner can be served at its last known principal place of business 7125 OHMS Lane, Edina, MN 55364 and by serving its successor in interest.

3. The Altec Defendants are the successor in interest to Minnesota Wanner.

4. The Altec Defendants are Alabama Corporations with their principal place of business in Alabama.   Upon information and belief, Altec Defendants can be served at Capitol Corporate Services, Inc., 730 Center Ave., Ste 200, Moorhead Minnesota, 56560.

5. Minnesota Wanner and the Altec Defendants at all relevant times are and were in the business of designing, manufacturing, assembling, advertising, marketing, and selling to members of the American public, including the Plaintiffs' decedent herein, truck mounted spray equipment including but not limited to a certain 900-gallon spray truck.

6. On September 3rd, 2021, Marcus Barbosa, II was driving the Spray Truck westbound on RM 1623 in Blanco County Texas.  As he was navigating a curve, his right tires went off the edge of the roadway.  As he attempted to steer the vehicle back onto the roadway, the liquids in the Spray Truck shifted causing him to lose control of the vehicle.  The vehicle went into an oversteer mode, spinning in a clockwise direction.  The driver side of the Spray Truck hit a tree causing severe intrusion to the vehicle, killing Marcus Barbosa II.

7. The Spray Truck was defective and unreasonably dangerous because it lacked baffling in the spray tanks that would have inhibited the shift of the liquid while making turns.

8. As a direct and legal result of the negligence and the defective and dangerous condition of the Spray Truck, Marcus Barbosa II was killed.

9. As a direct and legal result of the negligence of the Defendants, and the defective and

–2–

dangerous condition of the Spray Truck, Plaintiffs have suffered extreme grief, sorrow, economic loss and damages, and mental anguish at the loss of their son.

## FIRST CAUSE OF ACTION

### WRONGFUL DEATH

### STRICT LIABILITY

10. Plaintiff repeats and re-alleges the allegations contained in the above paragraphs and incorporates them by reference as though fully set forth herein.

11. At all times herein mentioned, Defendants and Does 1 through 25 were in the business of manufacturing, designing, assembling, advertising, marketing, distributing, maintaining, and selling to the American public Spray Trucks, including but not limited to the Spray Truck which is the subject of this lawsuit.

12. Prior to September 3rd, 2021, the Defendants, and each of them, designed, built, assembled, manufactured, tested, advertised, marketed, maintained, distributed and sold on the American market the previously described Spray Truck, which contained design defects when it left Defendants' possession, in that, among other things, when operated in a reasonably foreseeable manner, the vehicle would not perform as safely as an ordinary consumer or user would expect, but would instead cause a loss of control due to inadequate load constraints such as baffling which lead to inadequate and unsafe handling and stability characteristics.

13. At the time of the incident of September 3, 2021, the Spray Truck was in substantially the same condition as when it left the Defendants' possession.

14. As a direct and legal result of the defects in design and manufacture as above described,

the Spray Truck failed to perform as intended by the manufacturer and as expected by ordinary consumers.

15. At the time of the accident on September 3rd, 2021, the Spray Truck was being used in a way that was reasonably foreseeable to Defendants.

16. As a direct and legal result of the defective condition of the Spray Truck, Plaintiffs' decedent, Marcus Barbosa II sustained catastrophic injuries which led to his death.

17. As a direct and proximate result of the defective and unreasonably dangerous condition of the Spray Truck, the Plaintiffs have suffered the loss of love, affection, companionship and support that Marcus Barbosa II would have provided them.

18. As a direct and legal result of the defects in design and manufacture, as alleged herein, the Spray Truck was defective as that term is defined under Minnesota law, rendering the Defendants herein strictly liable in tort to the Plaintiff, for all damages legally caused.

19. As a direct and legal result of the defective and unreasonably dangerous condition of the Spray Truck, and of the matters herein above and hereinafter alleged, Plaintiffs have suffered and will continue to suffer the damages herein above and hereinafter set forth.

### SECOND CAUSE OF ACTION

### FAILURE TO WARN OR INSTRUCT

20. Plaintiffs repeat and re-allege the allegations contained in the above paragraphs and incorporate them by reference as though fully set forth herein.

21. At all times herein, Defendants, and each of them, knew that the above-described Spray Truck was to be purchased and used by a consumer without analysis or inspection for latent defects.

–4–

22. The above described Spray Truck was unsafe for its intended and foreseeable use, and was defective by reason of the failure of the Defendants, and each of them, to provide adequate and appropriate instructions and warnings relating to the potential risks which presented a substantial danger to users of the Spray Truck and relating to the characteristics of the Spray Truck during expected, intended and foreseeable maneuvering, and in failing to advise Plaintiffs' Decedent of the fact that the vehicle, which Plaintiffs' Decedent was operating, was designed, manufactured and assembled using an unsafe plan or design, which would cause said vehicle to be laterally unstable, to oversteer, and to cause loss of control, thereby failing to properly and safely perform, under normal foreseeable use.

23. Further, such instructions and/or warnings as were provided by the Defendants, and each of them, were inadequate and did not fully alert or advise a consumer that the Spray Truck while full was unstable, improperly baffled, and prone to oversteer by virtue of the probability of the fluid shifting inside the tanks and cause a danger of injury to users during intended and foreseeable use and operation of the vehicle.

24. At all relevant times herein, the Defendants, and each of them, failed to provide adequate warnings and instructions, notwithstanding the fact that the risks presented by the Spray Truck when used in a foreseeable way were known or knowable at the time of manufacture, distribution, and sale, by the Defendants, and each of them.

25. The Plaintiffs' Decedent was unaware of the risks, defects, and dangerousness of the Spray Truck, as herein above alleged, which made the Spray Truck unsafe for its intended and foreseeable use, nor were such defects apparent upon reasonable inspection, nor would ordinary consumers have recognized the potential risks.

26. As a direct and legal result of the failure and omission on the part of the Defendants, and each of them, to provide adequate and appropriate instructions and warnings, Plaintiffs' Decedent suffered and incurred physical injury that led to his death.

27. As a direct and legal result of the failure and omissions on the part of the defendants, and each of them, to provide adequate and appropriate instructions and warnings, Plaintiffs have suffered the loss of love and companionship of their son, loss of support that would have come from him, and extreme grief and emotional losses, as well as the economic and non-economic damages herein above and hereinafter set forth.

28. As a direct and legal result thereof of their failure to warn and instruct, the Defendants, and each of them, are strictly liable in tort to Plaintiff.

### **THIRD CAUSE OF ACTION**

### **BREACH OF WARRANTIES/MISREPRESENTATION**

29. Plaintiffs repeat and re-allege the allegations contained in the above paragraphs and incorporate them by reference at this point as though fully set forth herein.

30. Prior to September 3rd, 2021, the previously described Spray Truck and its characteristics and safety equipment, as well as the vehicle's anticipated and expected performance, safety and lateral stability during normal, intended and foreseeable use, to include vehicle accidents, was described in various websites, catalogues, manuals, circulars, advertising, brochures, and sales representations intended to be read and relied upon by members of the general public including Plaintiffs' Decedent. Said vehicle was impliedly warranted as fit for its normal, intended, and foreseeable use, to include providing stability and occupant protection during foreseeable maneuvers.

–6–

31. In fact, said vehicle was not safe or stable, and did not perform as described, advertised and expected, but instead was defective and less safe than an ordinary consumer would expect at the time it was designed, manufactured, assembled, sold, distributed, marketed, promoted and placed within the stream of commerce, in that said vehicle contained those certain defects in design and/or manufacture and/or assembly, as herein above set forth.

32. Because of the defective nature of the Spray Truck, and the fact that it was less safe than an ordinary consumer would expect, Defendants, and each of them, breached the express and implied warranties made to members of the motoring public regarding the safety and stability of the Spray Truck.

33. As a direct and legal result of the breaches of implied and express warranties herein above and hereinafter set forth, Plaintiffs' Decedent was caused to suffer and sustain the injuries and death herein above and hereinafter set forth.

## FOURTH CAUSE OF ACTION

### NEGLIGENCE

34. Plaintiff repeats and re-alleges the allegations contained in the above paragraphs and incorporates them by reference at this point as though fully set forth herein.

35. Defendants, and each of them, were under a legal duty to use the amount of care in designing, manufacturing, testing, constructing, promoting, selling, and distributing the Spray Truck that a reasonably careful and prudent designer, manufacturer, tester, constructor, promoter, seller, or distributor would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

36. Prior to September 3rd, 2021, the Defendants, and each of them, breached their duty of care

in that Defendants, and each of them, were negligent and careless in and about their design, manufacture, testing, construction, promotion, sale, maintenance, and distribution of the above-described Spray Truck in that the vehicle was laterally unstable and tended to severely oversteer in intended and foreseeable on-road maneuvering.

37. Prior to and on September 3rd, 2021, the Defendants, and each of them, negligently and carelessly designed, manufactured, tested, constructed, marketed, maintained, sold, and distributed the above-described Spray Truck in that, when the vehicle was operated in a reasonably foreseeable manner, the vehicle would allow fluid to shift in a dangerous and unpredictable manner.

38. Prior to and on September 3rd, 2021, the Defendants, and each of them, were negligent and careless in and about their failure to provide adequate and appropriate warnings and instructions, or to equip said vehicle with adequate and appropriate instructions.

39. As a direct and legal result of the negligence and carelessness of the Defendants, and each of them, as above-described, Plaintiffs' Decedent has been caused to suffer and sustain the injuries and death herein above and hereinafter set forth.

WHEREFORE, the Plaintiffs claim of the Defendants, and each of them, all compensatory and non-economic damages available at law, together with lawful interest and costs for all the harm caused by their respective misconduct and defects as described above. Plaintiffs, therefore, seek damages for the following:

      a.    All economic losses and damages.

      b.    Emotional distress, grief, loss of companionship, and all other non-economic losses recoverable under the law;

—8—

c.    Loss of support from Marcus Barbosa II; and

d.    All other losses and damages sustained by the Plaintiff to which he is

legally entitled either by statute or by the common law.

I hereby acknowledge that sanctions may be awarded
pursuant to Minn. Stat§ 549.211.

MESHBESHER & SPENCE, LTD.

Dated: March 11, 2022                By: /s/ Genevieve M. Zimmerman
                                     Genevieve M. Zimmerman (MN# 330292)
                                     1616 Park Avenue
                                     Minneapolis, MN 55404
                                     Phone: (612) 339-9121
                                     Fax: (612) 339-9188
                                     Email: gzimmerman@meshbesher.com

                                     Kyle W. Farrar (MN# 0397942)
                                     Kaster, Lynch, Farrar & Ball, LLP.
                                     1010 Lamar, Suite 1600
                                     Houston, Texas 77002
                                     Phone: (713) 221-8300
                                     Email: kyle@fbtrial.com

                                     ATTORNEYS FOR THE PLAINTIFFS



**Capitol Corporate Services, Inc.**
PO Box 1831
Austin, TX 78767
Phone: (800) 345-4647  Fax: (800) 432-3622
rassop@capitolservices.com

# Service Of Process Transmittal Notice

| | | |
|---|---|---|
| CHRISTOPHER B HARMON<br>ALTEC<br>210 INVERNESS CENTER DR STE 200<br>BIRMINGHAM ALABAMA 35242-4834 | **Date Processed:** | 03/14/2022 |
| | **Completed By:** | ANDREA ODEGAARD |
| | **Delivery Method to Client:** | FEDEX 2 DAY LETTER |
| | **Tracking Number:** | 176774951026 |

Enclosed please find legal documents received on behalf of the client named below. These documents are being forwarded in accordance with your instructions.

| **Date / Time Received**<br>03/14/2022  2:30 PM in MINNESOTA | **Transmittal #**<br>MN-219190 | **Delivered to Agent by**<br>PROCESS SERVER |
|---|---|---|

**With Regard to Client**

ALTEC INDUSTRIES, INC. (SERVICE DIRECTED TO ASSUMED NAME:  ALTEC UTILITY EQUIPMENT CO., INC.)

**Title of Case or Action**

MARCUS BARBOSA SR. V MINNESOTA WANNER ET AL.

| **Case Number**<br>NONE | **Type of Document Served**<br>CITATION/SUMMONS |
|---|---|

**Court Name**

NONE

**Note**

1-219190G

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                             FOURTH JUDICIAL DISTRICT

_____

Wrongful Death/Products Liability
Court File No.:

MARCUS BARBOSA SR,
AS TRUSTEE FOR THE NEXT-OF-KIN OF
MARCUS BARBOSA II,

                     Plaintiff,

v.                                                                    **SUMMONS**

MINNESOTA WANNER, ALTEC, INC,
ALTEC INDUSTRIES, INC, ALTEC UTILITY
EQUIPMENT CO, INC. DOES 1-25,

                     Defendants.

_____

THIS SUMMONS IS DIRECTED TO THE ABOVE NAMED DEFENDANTS:

    **1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons.  Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

    **2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail **a written response,** called an Answer, to the person who signed this Summons within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

Meshbesher & Spence
1616 Park Avenue
Minneapolis, MN 55404.

    **3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

Case Type:  Wrongful Death/Products Liability

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | COURT FILE NUMBER: |

MARCUS BARBOSA SR,
AS TRUSTEE FOR THE NEXT-OF-KIN OF
MARCUS BARBOSA II,

**COMPLAINT**

PLAINTIFF

JURY DEMAND REQUESTED

v.

MINNESOTA WANNER, ALTEC, INC,
ALTEC INDUSTRIES, INC, ALTEC UTILITY
EQUIPMENT CO, INC. DOES 1-25

DEFENDANTS

Plaintiff Marcus Barbosa Sr, as Trustee for the Next-of-Kin of Marcus Barbosa II, through

their attorneys, hereby brings this Complaint against the above-named defendants for the wrongful

death of their son, Marcus Barbosa II. Plaintiff further alleges as follows:

## GENERAL ALLEGATIONS

1. At all times herein mentioned, Plaintiff and the decedent, at all relevant times was residents

   of the State of Texas.

2. Defendant MINNESOTA WANNER was a Minnesota Corporation with its principal place

   of business in Hennepin County, Minnesota.  On information and belief, approximately in

   2018, Defendant Minnesota Wanner was purchased by Defendant Altec, Inc., Defendant

   Altec Industries, Inc, and/or Defendant Altec Utility Equipment Co., Inc., (hereinafter

–1–

Altec Defendants) and/or Does 1-25. Upon information and belief, Defendant Minnesota Wanner can be served at its last known principal place of business 7125 OHMS Lane, Edina, MN 55364 and by serving its successor in interest.

3.   The Altec Defendants are the successor in interest to Minnesota Wanner.

4.   The Altec Defendants are Alabama Corporations with their principal place of business in Alabama.   Upon information and belief, Altec Defendants can be served at Capitol Corporate Services, Inc., 730 Center Ave., Ste 200, Moorhead Minnesota, 56560.

5.   Minnesota Wanner and the Altec Defendants at all relevant times are and were in the business of designing, manufacturing, assembling, advertising, marketing, and selling to members of the American public, including the Plaintiffs' decedent herein, truck mounted spray equipment including but not limited to a certain 900-gallon spray truck.

6.   On September 3rd, 2021, Marcus Barbosa, II was driving the Spray Truck westbound on RM 1623 in Blanco County Texas.   As he was navigating a curve, his right tires went off the edge of the roadway.   As he attempted to steer the vehicle back onto the roadway, the liquids in the Spray Truck shifted causing him to lose control of the vehicle.   The vehicle went into an oversteer mode, spinning in a clockwise direction.   The driver side of the Spray Truck hit a tree causing severe intrusion to the vehicle, killing Marcus Barbosa II.

7.   The Spray Truck was defective and unreasonably dangerous because it lacked baffling in the spray tanks that would have inhibited the shift of the liquid while making turns.

8.   As a direct and legal result of the negligence and the defective and dangerous condition of the Spray Truck, Marcus Barbosa II was killed.

9.   As a direct and legal result of the negligence of the Defendants, and the defective and

–2–

dangerous condition of the Spray Truck, Plaintiffs have suffered extreme grief, sorrow, economic loss and damages, and mental anguish at the loss of their son.

### FIRST CAUSE OF ACTION

### WRONGFUL DEATH

### STRICT LIABILITY

10. Plaintiff repeats and re-alleges the allegations contained in the above paragraphs and incorporates them by reference as though fully set forth herein.

11. At all times herein mentioned, Defendants and Does 1 through 25 were in the business of manufacturing, designing, assembling, advertising, marketing, distributing, maintaining, and selling to the American public Spray Trucks, including but not limited to the Spray Truck which is the subject of this lawsuit.

12. Prior to September 3rd, 2021, the Defendants, and each of them, designed, built, assembled, manufactured, tested, advertised, marketed, maintained, distributed and sold on the American market the previously described Spray Truck, which contained design defects when it left Defendants' possession, in that, among other things, when operated in a reasonably foreseeable manner, the vehicle would not perform as safely as an ordinary consumer or user would expect, but would instead cause a loss of control due to inadequate load constraints such as baffling which lead to inadequate and unsafe handling and stability characteristics.

13. At the time of the incident of September 3, 2021, the Spray Truck was in substantially the same condition as when it left the Defendants' possession.

14. As a direct and legal result of the defects in design and manufacture as above described,

the Spray Truck failed to perform as intended by the manufacturer and as expected by ordinary consumers.

15. At the time of the accident on September 3rd, 2021, the Spray Truck was being used in a way that was reasonably foreseeable to Defendants.

16. As a direct and legal result of the defective condition of the Spray Truck, Plaintiffs' decedent, Marcus Barbosa II sustained catastrophic injuries which led to his death.

17. As a direct and proximate result of the defective and unreasonably dangerous condition of the Spray Truck, the Plaintiffs have suffered the loss of love, affection, companionship and support that Marcus Barbosa II would have provided them.

18. As a direct and legal result of the defects in design and manufacture, as alleged herein, the Spray Truck was defective as that term is defined under Minnesota law, rendering the Defendants herein strictly liable in tort to the Plaintiff, for all damages legally caused.

19. As a direct and legal result of the defective and unreasonably dangerous condition of the Spray Truck, and of the matters herein above and hereinafter alleged, Plaintiffs have suffered and will continue to suffer the damages herein above and hereinafter set forth.

<u>**SECOND CAUSE OF ACTION**</u>

**FAILURE TO WARN OR INSTRUCT**

20. Plaintiffs repeat and re-allege the allegations contained in the above paragraphs and incorporate them by reference as though fully set forth herein.

21. At all times herein, Defendants, and each of them, knew that the above-described Spray Truck was to be purchased and used by a consumer without analysis or inspection for latent defects.

22. The above described Spray Truck was unsafe for its intended and foreseeable use, and was defective by reason of the failure of the Defendants, and each of them, to provide adequate and appropriate instructions and warnings relating to the potential risks which presented a substantial danger to users of the Spray Truck and relating to the characteristics of the Spray Truck during expected, intended and foreseeable maneuvering, and in failing to advise Plaintiffs' Decedent of the fact that the vehicle, which Plaintiffs' Decedent was operating, was designed, manufactured and assembled using an unsafe plan or design, which would cause said vehicle to be laterally unstable, to oversteer, and to cause loss of control, thereby failing to properly and safely perform, under normal foreseeable use.

23. Further, such instructions and/or warnings as were provided by the Defendants, and each of them, were inadequate and did not fully alert or advise a consumer that the Spray Truck while full was unstable, improperly baffled, and prone to oversteer by virtue of the probability of the fluid shifting inside the tanks and cause a danger of injury to users during intended and foreseeable use and operation of the vehicle.

24. At all relevant times herein, the Defendants, and each of them, failed to provide adequate warnings and instructions, notwithstanding the fact that the risks presented by the Spray Truck when used in a foreseeable way were known or knowable at the time of manufacture, distribution, and sale, by the Defendants, and each of them.

25. The Plaintiffs' Decedent was unaware of the risks, defects, and dangerousness of the Spray Truck, as herein above alleged, which made the Spray Truck unsafe for its intended and foreseeable use, nor were such defects apparent upon reasonable inspection, nor would ordinary consumers have recognized the potential risks.

26. As a direct and legal result of the failure and omission on the part of the Defendants, and each of them, to provide adequate and appropriate instructions and warnings, Plaintiffs' Decedent suffered and incurred physical injury that led to his death.

27. As a direct and legal result of the failure and omissions on the part of the defendants, and each of them, to provide adequate and appropriate instructions and warnings, Plaintiffs have suffered the loss of love and companionship of their son, loss of support that would have come from him, and extreme grief and emotional losses, as well as the economic and non-economic damages herein above and hereinafter set forth.

28. As a direct and legal result thereof of their failure to warn and instruct, the Defendants, and each of them, are strictly liable in tort to Plaintiff.

### THIRD CAUSE OF ACTION

### BREACH OF WARRANTIES/MISREPRESENTATION

29. Plaintiffs repeat and re-allege the allegations contained in the above paragraphs and incorporate them by reference at this point as though fully set forth herein.

30. Prior to September 3rd, 2021, the previously described Spray Truck and its characteristics and safety equipment, as well as the vehicle's anticipated and expected performance, safety and lateral stability during normal, intended and foreseeable use, to include vehicle accidents, was described in various websites, catalogues, manuals, circulars, advertising, brochures, and sales representations intended to be read and relied upon by members of the general public including Plaintiffs' Decedent. Said vehicle was impliedly warranted as fit for its normal, intended, and foreseeable use, to include providing stability and occupant protection during foreseeable maneuvers.

–6–

31. In fact, said vehicle was not safe or stable, and did not perform as described, advertised and expected, but instead was defective and less safe than an ordinary consumer would expect at the time it was designed, manufactured, assembled, sold, distributed, marketed, promoted and placed within the stream of commerce, in that said vehicle contained those certain defects in design and/or manufacture and/or assembly, as herein above set forth.

32. Because of the defective nature of the Spray Truck, and the fact that it was less safe than an ordinary consumer would expect, Defendants, and each of them, breached the express and implied warranties made to members of the motoring public regarding the safety and stability of the Spray Truck.

33. As a direct and legal result of the breaches of implied and express warranties herein above and hereinafter set forth, Plaintiffs' Decedent was caused to suffer and sustain the injuries and death herein above and hereinafter set forth.

### FOURTH CAUSE OF ACTION

### NEGLIGENCE

34. Plaintiff repeats and re-alleges the allegations contained in the above paragraphs and incorporates them by reference at this point as though fully set forth herein.

35. Defendants, and each of them, were under a legal duty to use the amount of care in designing, manufacturing, testing, constructing, promoting, selling, and distributing the Spray Truck that a reasonably careful and prudent designer, manufacturer, tester, constructor, promoter, seller, or distributor would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

36. Prior to September 3rd, 2021, the Defendants, and each of them, breached their duty of care

–7–

in that Defendants, and each of them, were negligent and careless in and about their design, manufacture, testing, construction, promotion, sale, maintenance, and distribution of the above-described Spray Truck in that the vehicle was laterally unstable and tended to severely oversteer in intended and foreseeable on-road maneuvering.

37. Prior to and on September 3rd, 2021, the Defendants, and each of them, negligently and carelessly designed, manufactured, tested, constructed, marketed, maintained, sold, and distributed the above-described Spray Truck in that, when the vehicle was operated in a reasonably foreseeable manner, the vehicle would allow fluid to shift in a dangerous and unpredictable manner.

38. Prior to and on September 3rd, 2021, the Defendants, and each of them, were negligent and careless in and about their failure to provide adequate and appropriate warnings and instructions, or to equip said vehicle with adequate and appropriate instructions.

39. As a direct and legal result of the negligence and carelessness of the Defendants, and each of them, as above-described, Plaintiffs' Decedent has been caused to suffer and sustain the injuries and death herein above and hereinafter set forth.

WHEREFORE, the Plaintiffs claim of the Defendants, and each of them, all compensatory and non-economic damages available at law, together with lawful interest and costs for all the harm caused by their respective misconduct and defects as described above. Plaintiffs, therefore, seek damages for the following:

      a.    All economic losses and damages.

      b.    Emotional distress, grief, loss of companionship, and all other non-economic losses recoverable under the law;

    c.     Loss of support from Marcus Barbosa II; and

    d.     All other losses and damages sustained by the Plaintiff to which he is

legally entitled either by statute or by the common law.

> I hereby acknowledge that sanctions may be awarded pursuant to Minn. Stat§ 549.211.


MESHBESHER & SPENCE, LTD.

Dated: March 11, 2022

By: /s/ Genevieve M. Zimmerman
Genevieve M. Zimmerman (MN# 330292)
1616 Park Avenue
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email: gzimmerman@meshbesher.com


Kyle W. Farrar (MN# 0397942)
Kaster, Lynch, Farrar & Ball, LLP.
1010 Lamar, Suite 1600
Houston, Texas 77002
Phone: (713) 221-8300
Email: kyle@fbtrial.com

ATTORNEYS FOR THE PLAINTIFFS