| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Wrongful Death/Products Liability
Court File No.:

MARCUS BARBOSA SR,
AS TRUSTEE FOR THE NEXT-OF-KIN OF
MARCUS BARBOSA II,

        Plaintiff,

v.

**SUMMONS**

MINNESOTA WANNER, ALTEC, INC,
ALTEC INDUSTRIES, INC, ALTEC UTILITY
EQUIPMENT CO, INC. DOES 1-25,

        Defendants.

---

THIS SUMMONS IS DIRECTED TO THE ABOVE NAMED DEFENDANTS:

**1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

**2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.**
You must give or mail **a written response,** called an Answer, to the person who signed this Summons within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

Meshbesher & Spence
1616 Park Avenue
Minneapolis, MN 55404.

**3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

Case Type: Wrongful Death/Products Liability

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

COURT FILE NUMBER:

MARCUS BARBOSA SR,
AS TRUSTEE FOR THE NEXT-OF-KIN OF
MARCUS BARBOSA II,

PLAINTIFF

v.

MINNESOTA WANNER, ALTEC, INC,
ALTEC INDUSTRIES, INC, ALTEC UTILITY
EQUIPMENT CO, INC. DOES 1-25

DEFENDANTS

**COMPLAINT**

JURY DEMAND REQUESTED

Plaintiff Marcus Barbosa Sr, as Trustee for the Next-of-Kin of Marcus Barbosa II, through their attorneys, hereby brings this Complaint against the above-named defendants for the wrongful death of their son, Marcus Barbosa II. Plaintiff further alleges as follows:

## GENERAL ALLEGATIONS

1. At all times herein mentioned, Plaintiff and the decedent, at all relevant times was residents of the State of Texas.

2. Defendant MINNESOTA WANNER was a Minnesota Corporation with its principal place of business in Hennepin County, Minnesota. On information and belief, approximately in 2018, Defendant Minnesota Wanner was purchased by Defendant Altec, Inc., Defendant Altec Industries, Inc, and/or Defendant Altec Utility Equipment Co., Inc., (hereinafter

−1−

Altec Defendants) and/or Does 1-25. Upon information and belief, Defendant Minnesota Wanner can be served at its last known principal place of business 7125 OHMS Lane, Edina, MN 55364 and by serving its successor in interest.

3. The Altec Defendants are the successor in interest to Minnesota Wanner.

4. The Altec Defendants are Alabama Corporations with their principal place of business in Alabama. Upon information and belief, Altec Defendants can be served at Capitol Corporate Services, Inc., 730 Center Ave., Ste 200, Moorhead Minnesota, 56560.

5. Minnesota Wanner and the Altec Defendants at all relevant times are and were in the business of designing, manufacturing, assembling, advertising, marketing, and selling to members of the American public, including the Plaintiffs' decedent herein, truck mounted spray equipment including but not limited to a certain 900-gallon spray truck.

6. On September 3rd, 2021, Marcus Barbosa, II was driving the Spray Truck westbound on RM 1623 in Blanco County Texas. As he was navigating a curve, his right tires went off the edge of the roadway. As he attempted to steer the vehicle back onto the roadway, the liquids in the Spray Truck shifted causing him to lose control of the vehicle. The vehicle went into an oversteer mode, spinning in a clockwise direction. The driver side of the Spray Truck hit a tree causing severe intrusion to the vehicle, killing Marcus Barbosa II.

7. The Spray Truck was defective and unreasonably dangerous because it lacked baffling in the spray tanks that would have inhibited the shift of the liquid while making turns.

8. As a direct and legal result of the negligence and the defective and dangerous condition of the Spray Truck, Marcus Barbosa II was killed.

9. As a direct and legal result of the negligence of the Defendants, and the defective and

dangerous condition of the Spray Truck, Plaintiffs have suffered extreme grief, sorrow, economic loss and damages, and mental anguish at the loss of their son.

## FIRST CAUSE OF ACTION

## WRONGFUL DEATH

### STRICT LIABILITY

10. Plaintiff repeats and re-alleges the allegations contained in the above paragraphs and incorporates them by reference as though fully set forth herein.

11. At all times herein mentioned, Defendants and Does 1 through 25 were in the business of manufacturing, designing, assembling, advertising, marketing, distributing, maintaining, and selling to the American public Spray Trucks, including but not limited to the Spray Truck which is the subject of this lawsuit.

12. Prior to September 3rd, 2021, the Defendants, and each of them, designed, built, assembled, manufactured, tested, advertised, marketed, maintained, distributed and sold on the American market the previously described Spray Truck, which contained design defects when it left Defendants' possession, in that, among other things, when operated in a reasonably foreseeable manner, the vehicle would not perform as safely as an ordinary consumer or user would expect, but would instead cause a loss of control due to inadequate load constraints such as baffling which lead to inadequate and unsafe handling and stability characteristics.

13. At the time of the incident of September 3, 2021, the Spray Truck was in substantially the same condition as when it left the Defendants' possession.

14. As a direct and legal result of the defects in design and manufacture as above described,

the Spray Truck failed to perform as intended by the manufacturer and as expected by ordinary consumers.

15. At the time of the accident on September 3rd, 2021, the Spray Truck was being used in a way that was reasonably foreseeable to Defendants.

16. As a direct and legal result of the defective condition of the Spray Truck, Plaintiffs' decedent, Marcus Barbosa II sustained catastrophic injuries which led to his death.

17. As a direct and proximate result of the defective and unreasonably dangerous condition of the Spray Truck, the Plaintiffs have suffered the loss of love, affection, companionship and support that Marcus Barbosa II would have provided them.

18. As a direct and legal result of the defects in design and manufacture, as alleged herein, the Spray Truck was defective as that term is defined under Minnesota law, rendering the Defendants herein strictly liable in tort to the Plaintiff, for all damages legally caused.

19. As a direct and legal result of the defective and unreasonably dangerous condition of the Spray Truck, and of the matters herein above and hereinafter alleged, Plaintiffs have suffered and will continue to suffer the damages herein above and hereinafter set forth.

## SECOND CAUSE OF ACTION

### FAILURE TO WARN OR INSTRUCT

20. Plaintiffs repeat and re-allege the allegations contained in the above paragraphs and incorporate them by reference as though fully set forth herein.

21. At all times herein, Defendants, and each of them, knew that the above-described Spray Truck was to be purchased and used by a consumer without analysis or inspection for latent defects.

22. The above described Spray Truck was unsafe for its intended and foreseeable use, and was defective by reason of the failure of the Defendants, and each of them, to provide adequate and appropriate instructions and warnings relating to the potential risks which presented a substantial danger to users of the Spray Truck and relating to the characteristics of the Spray Truck during expected, intended and foreseeable maneuvering, and in failing to advise Plaintiffs' Decedent of the fact that the vehicle, which Plaintiffs' Decedent was operating, was designed, manufactured and assembled using an unsafe plan or design, which would cause said vehicle to be laterally unstable, to oversteer, and to cause loss of control, thereby failing to properly and safely perform, under normal foreseeable use.

23. Further, such instructions and/or warnings as were provided by the Defendants, and each of them, were inadequate and did not fully alert or advise a consumer that the Spray Truck while full was unstable, improperly baffled, and prone to oversteer by virtue of the probability of the fluid shifting inside the tanks and cause a danger of injury to users during intended and foreseeable use and operation of the vehicle.

24. At all relevant times herein, the Defendants, and each of them, failed to provide adequate warnings and instructions, notwithstanding the fact that the risks presented by the Spray Truck when used in a foreseeable way were known or knowable at the time of manufacture, distribution, and sale, by the Defendants, and each of them.

25. The Plaintiffs' Decedent was unaware of the risks, defects, and dangerousness of the Spray Truck, as herein above alleged, which made the Spray Truck unsafe for its intended and foreseeable use, nor were such defects apparent upon reasonable inspection, nor would ordinary consumers have recognized the potential risks.

26. As a direct and legal result of the failure and omission on the part of the Defendants, and each of them, to provide adequate and appropriate instructions and warnings, Plaintiffs' Decedent suffered and incurred physical injury that led to his death.

27. As a direct and legal result of the failure and omissions on the part of the defendants, and each of them, to provide adequate and appropriate instructions and warnings, Plaintiffs have suffered the loss of love and companionship of their son, loss of support that would have come from him, and extreme grief and emotional losses, as well as the economic and non-economic damages herein above and hereinafter set forth.

28. As a direct and legal result thereof of their failure to warn and instruct, the Defendants, and each of them, are strictly liable in tort to Plaintiff.

## THIRD CAUSE OF ACTION

### BREACH OF WARRANTIES/MISREPRESENTATION

29. Plaintiffs repeat and re-allege the allegations contained in the above paragraphs and incorporate them by reference at this point as though fully set forth herein.

30. Prior to September 3rd, 2021, the previously described Spray Truck and its characteristics and safety equipment, as well as the vehicle's anticipated and expected performance, safety and lateral stability during normal, intended and foreseeable use, to include vehicle accidents, was described in various websites, catalogues, manuals, circulars, advertising, brochures, and sales representations intended to be read and relied upon by members of the general public including Plaintiffs' Decedent. Said vehicle was impliedly warranted as fit for its normal, intended, and foreseeable use, to include providing stability and occupant protection during foreseeable maneuvers.

31. In fact, said vehicle was not safe or stable, and did not perform as described, advertised and expected, but instead was defective and less safe than an ordinary consumer would expect at the time it was designed, manufactured, assembled, sold, distributed, marketed, promoted and placed within the stream of commerce, in that said vehicle contained those certain defects in design and/or manufacture and/or assembly, as herein above set forth.

32. Because of the defective nature of the Spray Truck, and the fact that it was less safe than an ordinary consumer would expect, Defendants, and each of them, breached the express and implied warranties made to members of the motoring public regarding the safety and stability of the Spray Truck.

33. As a direct and legal result of the breaches of implied and express warranties herein above and hereinafter set forth, Plaintiffs' Decedent was caused to suffer and sustain the injuries and death herein above and hereinafter set forth.

## FOURTH CAUSE OF ACTION

### NEGLIGENCE

34. Plaintiff repeats and re-alleges the allegations contained in the above paragraphs and incorporates them by reference at this point as though fully set forth herein.

35. Defendants, and each of them, were under a legal duty to use the amount of care in designing, manufacturing, testing, constructing, promoting, selling, and distributing the Spray Truck that a reasonably careful and prudent designer, manufacturer, tester, constructor, promoter, seller, or distributor would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

36. Prior to September 3rd, 2021, the Defendants, and each of them, breached their duty of care

in that Defendants, and each of them, were negligent and careless in and about their design, manufacture, testing, construction, promotion, sale, maintenance, and distribution of the above-described Spray Truck in that the vehicle was laterally unstable and tended to severely oversteer in intended and foreseeable on-road maneuvering.

37. Prior to and on September 3rd, 2021, the Defendants, and each of them, negligently and carelessly designed, manufactured, tested, constructed, marketed, maintained, sold, and distributed the above-described Spray Truck in that, when the vehicle was operated in a reasonably foreseeable manner, the vehicle would allow fluid to shift in a dangerous and unpredictable manner.

38. Prior to and on September 3rd, 2021, the Defendants, and each of them, were negligent and careless in and about their failure to provide adequate and appropriate warnings and instructions, or to equip said vehicle with adequate and appropriate instructions.

39. As a direct and legal result of the negligence and carelessness of the Defendants, and each of them, as above-described, Plaintiffs' Decedent has been caused to suffer and sustain the injuries and death herein above and hereinafter set forth.

WHEREFORE, the Plaintiffs claim of the Defendants, and each of them, all compensatory and non-economic damages available at law, together with lawful interest and costs for all the harm caused by their respective misconduct and defects as described above. Plaintiffs, therefore, seek damages for the following:

   a.   All economic losses and damages.

   b.   Emotional distress, grief, loss of companionship, and all other non-economic losses recoverable under the law;

  c. Loss of support from Marcus Barbosa II; and

  d. All other losses and damages sustained by the Plaintiff to which he is legally entitled either by statute or by the common law.

> I hereby acknowledge that sanctions may be awarded pursuant to Minn. Stat§ 549.211.

MESHBESHER & SPENCE, LTD.

Dated: March 11, 2022  By: /s/ Genevieve M. Zimmerman
  Genevieve M. Zimmerman (MN# 330292)
  1616 Park Avenue
  Minneapolis, MN 55404
  Phone: (612) 339-9121
  Fax: (612) 339-9188
  Email: gzimmerman@meshbesher.com

  Kyle W. Farrar (MN# 0397942)
  Kaster, Lynch, Farrar & Ball, LLP.
  1010 Lamar, Suite 1600
  Houston, Texas 77002
  Phone: (713) 221-8300
  Email: kyle@fbtrial.com

  ATTORNEYS FOR THE PLAINTIFFS